**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| LEO FULLER, | : | |
| Plaintiff | : | |
| VS. | : | |
| L. GALE BUCKNER, *et al.*, | : | NO. 5:09-cv-4 (CAR) |
| Defendants | : | **O R D E R** |

Petitioner **LEO FULLER**, a state prisoner presently incarcerated at Autry State Prison in Pelham, Georgia, has submitted a handwritten "Petition for Writ of Mandamus."

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## *II. BACKGROUND*

Petitioner alleges that he was sentenced in 1978 to life imprisonment for rape, that he was granted parole in 1992, and that in 1998, he was recommitted to the Georgia Department of Corrections ("GDOC") to serve the remainder of his life sentence. Officials with the State Board of Pardons and Paroles have advised petitioner that to be considered for release on parole, he must complete certain counseling programs.

Notwithstanding his life sentence, petitioner states that his having served 11 years since his recommitment is "unreasonable and unjust." Petitioner asks that this Court order the respondents, all state officials, to "perform their duties" and stop hindering petitioner's release from prison. Although petitioner's wide-ranging petition is not particularly clear, petitioner complains about not receiving certain counseling services, despite the materials he submitted suggesting he did receive these services. In any event, the crux of his petition is simply that he be released from prison.

## III. DISCUSSION

Section 1361 expressly provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The respondents are all state officials; they are not officers or employees of the United States. Thus, this Court has no jurisdiction to force respondents to act on petitioner's behalf. *See e.g., Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").

Because petitioner is not entitled to any federal mandamus relief, his petition is hereby

**DISMISSED**.[1]

    **SO ORDERED**, this 21st day of January, 2009.

                                    S/ C. Ashley Royal
                                    C. ASHLEY ROYAL
                                    UNITED STATES DISTRICT JUDGE

cr

---

[1] To the extent petitioner's claims arise under section 1983, they must also be dismissed because petitioner, while incarcerated, has had three prisoner actions dismissed by Georgia federal courts as frivolous under 28 U.S.C. § 1915(g), and petitioner is not currently under imminent danger of serious physical injury.  *See Fuller v. Welton*, 1:01-cv-37-HL (M.D. Ga. Feb. 21, 2001); *Fuller v. Chamlee*, 4:00-cv-11-HLM (N.D. Ga. Feb. 14, 2000); *Fuller v. Welton*, 5:98-cv-459-WDO (M.D. Ga. Aug. 2, 2000); and *Fuller v. Williams*, 5:99-cv-11-WTM (S.D. Ga. Mar. 18, 1999).